**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ANTONIO PAGE** **PETITIONER**

**v.** **CIVIL ACTION NO. 2:17-cv-40-KS-JCG**

**TIMOTHY OUTLAW and
STATE OF MISSISSIPPI** **RESPONDENTS**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (ECF No. 6) filed by Respondent Timothy Outlaw. The Motion seeks dismissal of Antonio Page's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, based on Petitioner's failure timely file his Petition within the one year statute of limitations provided for in 28 U.S.C. § 2244(d). Petitioner filed a Response in Opposition (ECF No. 7), Respondent filed a Reply (ECF No. 8), and Petitioner filed a Sur-Reply (ECF No. 9). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 6) be granted and that the Petition be dismissed as time-barred for Petitioner's failure to timely file his Petition within the statutory limitation period.

I. BACKGROUND

Petitioner Antonio Page is an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), housed at the Mississippi State Penitentiary in Parchman, Mississippi. Following a jury trial, Page was convicted of murder in the Circuit Court of Forrest County, Mississippi and sentenced, on

January 30, 2007, to a term of life without parole in the custody of MDOC. Mot. to Dismiss, Ex. A (ECF No. 6-1, at 1-3). The Mississippi Court of Appeals affirmed Page's conviction and sentence on April 15, 2008, and denied his petition for rehearing on August 5, 2008. *See Page v. State*, 2007-KA-00334-COA, 987 So. 2d 1035 (Miss. Ct. App. 2008), Mot. to Dismiss, Ex. B (ECF No. 6-2). Page did not file a petition for writ of certiorari seeking discretionary review before the Mississippi Supreme Court.

Page thereafter filed an application for post-conviction relief, which Page dated June 23, 2011 and the Mississippi Supreme Court received on June 27, 2011. *See* Mot. to Dismiss, Ex. C (ECF No. 6-3). The Mississippi Supreme Court denied Page's application on August 23, 2011, finding that his "claim of ineffective assistance of counsel d[id] not meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Page v. State*, 2011-M-00899-SCT (Miss. Aug. 23, 2011), Mot. to Dismiss, Ex. D (ECF No. 6-4, at 1). Page filed a motion for rehearing on his application for post-conviction relief, which the court denied as not authorized under Mississippi Rule of Appellate Procedure 27(h). *Page v. State*, 2011-M-00899-SCT (Miss. Sept. 13, 2011); Mot. to Dismiss, Ex. E (ECF No. 6-5).

Page filed a second application for post-conviction relief, which he dated January 8, 2016 and the Mississippi Supreme Court received on January 15, 2016. *See* Mot. to Dismiss, Ex. F (ECF No. 6-6). The court denied this second application as "barred by time and as a successive application, which does not meet any of the exceptions thereto." *Page v. State*, 2011-M-00899-SCT (Miss. Mar. 16, 2016), Mot. to

Dismiss, Ex. G (ECF No. 6-7, at 1). Page twice moved reconsideration of this denial, and these motions were denied on May 27, 2016 and February 3, 2017, respectively. *Page v. State*, 2011-M-00899-SCT (Miss. May 27, 2016), Mot. to Dismiss, Ex. H (ECF No. 6-8); *Page v. State*, 2011-M-00899-SCT (Miss. Feb. 3, 2017), Mot. to Dismiss, Ex. I (ECF No. 6-9).

On March 23, 2017, Page filed the instant Petition (ECF No. 1) for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. His Petition raises seven grounds for post-conviction relief.

Ground One: Petitioner was provided with ineffective assistance of counsel during his criminal trial because his attorney failed to investigate his mental condition after having been twice struck in the head with a gun.

Ground Two: Petitioner's fundamental constitutional rights were violated by his being denied due process.

Ground Three: The trial court erred in not giving Petitioner's requested jury instruction on circumstantial evidence.

Ground Four: Petitioner was denied his Sixth Amendment right to confront a witness at trial on cross examination.

Ground Five: Petitioner could not have committed the crime for which he was convicted.

Ground Six: Petitioner's appellate counsel provided ineffective assistance by disregarding the fact that part of the trial transcript was missing from the appellate record.

Ground Seven: Petitioner was denied a fair trial by the accumulation of errors heretofore described.

Pet. (ECF No. 1, at 5-13).

On April 13, 2017, Respondent Timothy Outlaw filed the instant Motion to Dismiss (ECF No. 6), which argues that the Petition should be dismissed because Page failed to file within the one year statute of limitations provided by 28 U.S.C. § 2244(d). Specifically, Respondent asserts that "Page's federal habeas petition was signed on March 15, 2017, and stamped as 'filed' in this Court on March 28, 2017," such that "Page's petition was filed over seven and a half (7 ½) years after the August 19, 2009 deadline for filing his federal habeas [petition]." Mot. to Dismiss (ECF No. 6, at 5). Respondent accordingly requests that Page's petition be dismissed as untimely because he has not outlined and "'rare and exceptional circumstances' to warrant equitable tolling." *Id.* at 5-6.

Page seems to concede the untimeliness of his petition, but maintains that he nonetheless overcomes the time bar in § 2244(d)(1) because he can demonstrate his actual innocence. Resp. to Mot. to Dismiss (ECF No. 7, at 1-4). Page asserts, "The rule of law is now well settled that procedural defaults are excused where the Habeas petitioner demonstrates he is Actually Innocent." *Id.* at 2. Page argues that "but for the due process violation, he would not have been found to be serving a Life Sentence." *Id.* at 3. Furthermore, he argues that extraordinary circumstances prevented him from timely filing his petition because "the following of federal law (28 U.S.C. Section 2244(c) and State law (Miss. Code Ann. Section 99-39-5(2)

created a trap, on which he detrimentally relied that caused his Federal Time Limit to slip away." *Id.* (all sic in original). Page asks that the Court deny the Motion to Dismiss and hold an evidentiary hearing in order to address the merits of Page's Petition. *Id.* at 4.

In Respondent's Reply, Respondent argues that, "[t]o the extent that petitioner is arguing 'actual innocence' as a means to overstep the federal statute of limitations," he has failed to meet the "extraordinarily high" requirements for a threshold showing of actual innocence. Reply to Mot. to Dismiss (ECF No. 8, at 2-3). He has failed to "support his claim of constitutional error with 'new, reliable evidence … that was not presented at trial.'" *Id.* at 3 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Page "does not make a showing that he is actually innocent of the crime of conviction," says Respondent; rather, "Page presents only a **claim** of actual innocence." *Id.* at 4 (emphasis in original).

Page's Sur-Reply does not address Respondent's Reply other than to assert that "it is more likely that NO reasonable Jurors would have convicted him with the New Evidence petitioner has shown in the Issues of his Post-Conviction, that the facts underlying his Actual Innocence claim establishes by clear and convincing evidence that, but for Ineffective Assistance of Counsel." Sur-Reply to Mot. to Dismiss (ECF No. 10, at 3) (all sic in original).

II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the petition alleges newly discovered evidence, however, the filing deadline is one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). Regardless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." *Id.* § 2244(d)(2).

Under the "prison mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013); *Spotville v. Cain*, 149 F.3d 374, 478 (5th Cir. 1998). Page's § 2254 Petition was filed somewhere between March 15, 2017, when he signed the petition, and March 23, 2017, when it was received by the Court. The Mississippi Court of Appeals denied Page's request for rehearing of a panel opinion upholding his conviction on August 5, 2008. Pursuant to Rule 17(b) of the Mississippi Rules of Appellate Procedure, Page had fourteen days from the date the appellate court issued its ruling denying his motion for rehearing in which to file a petition for writ of certiorari with the Mississippi

Supreme Court. Because he did not file any such petition, his conviction became final on August 19, 2008, when the fourteen-day period to seek discretionary review expired. Accordingly, the one-year statute of limitations ran on August 19, 2009, unless Page has established a basis for tolling the limitations period.

Page did not file an application for post-conviction relief in the state courts until June of 2011, so he may not benefit from the reprieve of § 2244(d)(2). Although Page seems to suggest that he has presented the Court with new evidence of his innocence, *see* Pet. (ECF No. 1, at 14-15) ("Petitioner's has presented materials information and documents to this court for an evidentiary hearing based upon exceptional circumstance, which would tolled the statute of limitation under equitable tolling." (all sic in original)), he has not actually presented the Court with any new evidence. The attachments to his Petition consist of various excerpts from unidentified legal documents. One section appears to be from a motion filed in a Mississippi state court during one of his prior proceedings, *see* (ECF No. 1-2, at 1-7), several sections seem to be part of (and maybe collectively the whole of) his application for post-conviction relief filed with the Mississippi Supreme Court, *see* (ECF No. 1-2, at 8-13, 16-19, 23-28), and other sections appear to be excerpts from the trial transcript, *see* (ECF No. 1-2, at 14-15, 20-22). These documents mostly present legal arguments – they are not evidence. As for the trial transcript, this evidence is not new. Statutory tolling is, accordingly, not warranted on this basis.

Page's assertion that he was prevented from timely filing by the "trap" created by his being forced to both follow 28 U.S.C. § 2244(c) and Miss. Code Ann. §

99-39-5(2) is only raised for the first time in Page's Response (ECF No. 7) to Respondent's Motion to Dismiss. However, the Court will consider it nonetheless due to Page's *pro se* status. 28 U.S.C. § 2244(c) speaks to the conclusiveness of the factual record before the Court on a § 2254 petition where petitioner's federal constitutional claims have been actually adjudicated by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(c). Given that this statutory provision has nothing to do with the period for timely filing a petition, the Court assumes that Page meant to reference § 2244(d).

Section 2244(d) establishes a one-year period of limitation for filing an application for writ of habeas corpus by a state prisoner. Section 99-39-5(2) of the Mississippi Code Annotated establishes a three-year window for timely filing an application for post-conviction relief in the Mississippi state courts. It is unclear to the Court what "trap" has been created by the coexistence of these two statutes. It is true that the limitation period for filing a federal habeas petition is shorter than that for filing a petition for post-conviction relief in state court, but this is no trap. A Mississippi convict must simply make sure to file his or her post-conviction petition before the one-year federal limitation period runs if he or she desires to preserve the timeliness of a subsequent federal petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). This potential procedural obstacle does not constitute a basis for either statutory or equitable

tolling. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) ("The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." (citations and internal quotation marks omitted)).

Notwithstanding the untimeliness of his Petition, Page maintains that he may surmount the statute of limitations bar by proceeding through the "actual innocence" gateway to federal habeas review. Applied in *Schlup v. Delo,* 513 U.S. 298 (1995) and further explained in *House v. Bell,* 547 U.S. 518 (2006), the actual innocence gateway provides a means by which a habeas petitioner's constitutional claims may be considered on their merits despite a procedural bar to their consideration. *See McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). In *Schlup* and *House*, a convincing showing of actual innocence enabled the habeas petitioners to overcome a procedural bar to consideration of their constitutional claims. *See id.* More recently, the United States Supreme Court in *McQuiggin v. Perkins* held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or as in this case, expiration of the statute of limitations." *Id.*

To be credible, a claim of actual innocence

> requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that

> was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup,* 513 U.S. at 324. A petitioner must persuade the court that "in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (citing *Schlup,* 513 U.S. at 329 and *House,* 547 U.S. at 538).

All of Page's submissions have been addressed. As previously stated, his submitted legal arguments are not evidence, and the transcripts from his trial are not new. They are not adequate to show that, had they been presented at trial, no reasonable juror would have convicted Page. Therefore, Page may not proceed through the gateway of "actual innocence" to overcome the untimeliness of his Petition. The Petition, filed March 23, 2017, concerning his 2008 conviction should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). Page is not entitled to an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases in the United States District Courts. He is similarly not entitled to a Certificate of Appealability. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 2253(c)(2).

## III. RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that Respondent Timothy Outlaw's Motion to Dismiss (ECF No. 6) be granted and that Petitioner Antonio Page's Petition (ECF No. 1) be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). The undersigned further recommends that Page

be denied a Certificate of Appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED**, this the 12th day of January, 2018.

s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE