IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTONIO PAGE

VS.                                        CIVIL ACTION NO. 2:17cv40-KS-JCG

TIMOTHY OUTLAW and
STATE OF MISSISSIPPI

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Antonio Page pursuant to 28 U.S.C. § 2254 [1], Respondents' Motion to Dismiss pursuant to 2244(d) [10], the Report and Recommendation entered by Magistrate Judge John C. Gargiulo [12], and the Objections thereto [16] filed by Petitioner, and the Court considering same does hereby find as follows:

### 1. PROCEDURAL HISTORY

Petitioner Antonio Page is an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), housed at the Mississippi State Penitentiary in Parchman, Mississippi. Following a jury trial, Page was convicted of murder in the Circuit Court of Forrest County, Mississippi and sentenced, on January 30, 2007, to a term of life without parole in the custody of MDOC. Mot. to Dismiss, Ex. A (ECF No. 6-1, at 1-3). The Mississippi Court of Appeals affirmed Page's conviction and sentence on April 15, 2008, and denied his petition for rehearing on August 5, 2008. *See Page v. State*, 2007-KA-00334-COA, 987 So. 2d 1035 (Miss. Ct. App. 2008), Mot. to Dismiss, Ex. B (ECF No. 6-2). Page did not file a

1

petition for writ of certiorari seeking discretionary review before the Mississippi Supreme Court.

Page thereafter filed an application for post-conviction relief, which Page dated June 23, 2011 and the Mississippi Supreme Court received on June 27, 2011. *See* Mot. to Dismiss, Ex. C (ECF No. 6-3). The Mississippi Supreme Court denied Page's application on August 23, 2011, finding that his "claim of ineffective assistance of counsel d[id] not meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Page v. State*, 2011-M-00899-SCT (Miss. Aug. 23, 2011), Mot. to Dismiss, Ex. D (ECF No. 6-4, at 1). Page filed a motion for rehearing on his application for post-conviction relief, which the court denied as not authorized under Mississippi Rule of Appellate Procedure 27(h). *Page v. State*, 2011-M-00899-SCT (Miss. Sept. 13, 2011); Mot. to Dismiss, Ex. E (ECF No. 6-5).

Page filed a second application for post-conviction relief, which he dated January 8, 2016 and the Mississippi Supreme Court received on January 15, 2016. *See* Mot. to Dismiss, Ex. F (ECF No. 6-6). The court denied this second application as "barred by time and as a successive application, which does not meet any of the exceptions thereto." *Page v. State*, 2011-M-00899-SCT (Miss. Mar. 16, 2016), Mot. to Dismiss, Ex. G (ECF No. 6-7, at 1). Page twice moved reconsideration of this denial, and these motions were denied on May 27, 2016 and February 3, 2017, respectively. *Page v. State*, 2011-M-00899-SCT (Miss. May 27, 2016), Mot. to Dismiss, Ex. H (ECF No. 6-8); *Page v. State*, 2011-M-00899-SCT (Miss. Feb. 3, 2017), Mot. to Dismiss, Ex. I (ECF No. 6-9).

On March 23, 2017, Page filed the instant Petition (ECF No. 1) for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. His Petition raises seven grounds for post-conviction relief.

Ground One: Petitioner was provided with ineffective assistance of counsel during his criminal trial because his attorney failed to investigate his mental condition after having been twice struck in the head with a gun.

Ground Two: Petitioner's fundamental constitutional rights were violated by his being denied due process.

Ground Three: The trial court erred in not giving Petitioner's requested jury instruction on circumstantial evidence.

Ground Four: Petitioner was denied his Sixth Amendment right to confront a witness at trial on cross examination.

Ground Five: Petitioner could not have committed the crime for which he was convicted.

Ground Six: Petitioner's appellate counsel provided ineffective assistance by disregarding the fact that part of the trial transcript was missing from the appellate record.

Ground Seven: Petitioner was denied a fair trial by the accumulation of errors heretofore described.
Pet. (ECF No. 1, at 5-13).

On April 13, 2017, Respondent Timothy Outlaw filed the instant Motion to Dismiss (ECF No. 6), which argues that the Petition should be dismissed because

Page failed to file within the one year statute of limitations provided by 28 U.S.C. § 2244(d). Specifically, Respondent asserts that "Page's federal habeas petition was signed on March 15, 2017, and stamped as 'filed' in this Court on March 28, 2017," such that "Page's petition was filed over seven and a half (7 ½) years after the August 19, 2009 deadline for filing his federal habeas [petition]." Mot. to Dismiss (ECF No. 6, at 5). Respondent accordingly requests that Page's petition be dismissed as untimely because he has not outlined and "'rare and exceptional circumstances' to warrant equitable tolling." *Id.* at 5-6.

Page seems to concede the untimeliness of his petition, but maintains that he nonetheless overcomes the time bar in § 2244(d)(1) because he can demonstrate his actual innocence. Resp. to Mot. to Dismiss (ECF No. 7, at 1-4). Page asserts, "The rule of law is now well settled that procedural defaults are excused where the Habeas petitioner demonstrates he is Actually Innocent." *Id.* at 2. Page argues that "but for the due process violation, he would not have been found to be serving a Life Sentence." *Id.* at 3. Furthermore, he argues that extraordinary circumstances prevented him from timely filing his petition because "the following of federal law (28 U.S.C. Section 2244(c) and State law (Miss. Code Ann. Section 99-39-5(2) created a trap, on which he detrimentally relied that caused his Federal Time Limit to slip away." *Id.* (all sic in original). Page asks that the Court deny the Motion to Dismiss and hold an evidentiary hearing in order to address the merits of Page's Petition. *Id.* at 4.

In Respondent's Reply, Respondent argues that, "[t]o the extent that petitioner is arguing 'actual innocence' as a means to overstep the federal statute of limitations," he has failed to meet the "extraordinarily high" requirements for a threshold showing of actual innocence. Reply to Mot. to Dismiss (ECF No. 8, at 2-3). He has failed to "support his claim of constitutional error with 'new, reliable evidence ... that was not presented at trial.'" *Id.* at 3 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Page "does not make a showing that he is actually innocent of the crime of conviction," says Respondent; rather, "Page presents only a **claim** of actual innocence." *Id.* at 4 (emphasis in original).

Page's Sur-Reply does not address Respondent's Reply other than to assert that "it is more likely that NO reasonable Jurors would have convicted him with the New Evidence petitioner has shown in the Issues of his Post-Conviction, that the facts underlying his Actual Innocence claim establishes by clear and convincing evidence that, but for Ineffective Assistance of Counsel." Sur-Reply to Mot. to Dismiss (ECF No. 10, at 3) (all sic in original).

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not

required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

It should be noted that Petitioner's Objection [16] agrees that the limitation period for filing his Petition has run. However, his Objection is that Judge Gargiulo erred when he found that the statute of limitations should not be tolled because of actual innocence. Petitioner alleges that because of his actual innocence that there should be a tolling and the bar pursuant to §2244(d) should not apply.

However, in his objection he states no facts. To be credible, a claim of actual innocence

> requires Petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful. *Schlup v. Delo*, 513 U.S. 298 (1995).

Actual innocence is the gateway through which he may pass and circumvent the procedural bar, but all he submits are legal arguments. He has submitted no evidence of actual innocence. His objection is not well taken and should be overruled and his Petition dismissed.

### IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Page's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge John C. Gargiulo's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Antonio Page's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the ___21st___ day of February, 2018.

___s/Keith Starrett___
UNITED STATES DISTRICT JUDGE